IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


WILLIAM MESSER,

    **Plaintiff,**

v().                                                CIV No. 07-500 LH/LAM

HECTOR DANIEL GONZALES and
GONZALES TRUCKING, INC.,

    **Defendants.**

_____

GARY MESSER,

    **Plaintiff,**
                                                 *Consolidated with*

v.                                                CIV No. 07-616 LH/LAM

HECTOR DANIEL GONZALES and
GONZALES TRUCKING, INC.,

    **Defendants.**


**MEMORANDUM OPINION AND ORDER OF REMAND**

    **THIS MATTER** comes before the Court *sua sponte*, following its review of the Plaintiff's complaints in the above-referenced lawsuits, as well as the notices of removal which resulted in these lawsuits being filed in this Court. The Court, having considered the pleadings on file, as well

1

as applicable statutory and case law, concludes that this Court lacks subject matter jurisdiction, and that both of these matters must be remanded to state court.

**Legal Standard**

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Services Automobile Ass'n.*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989) (quoting FED. R. CIV. P. 12(h)(3)). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction. *Id.*

As in this instance, when a case is removed, it is the defendant's burden to establish the amount in controversy. *Laughlin v. KMart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). Federal court jurisdiction is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941). The Court must resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Id.* When the face of the complaint does not affirmatively establish the requisite amount in controversy, the burden is on the removing party to set forth, in the notice of removal itself, underlying facts supporting the assertion that the minimum jurisdictional amount for diversity jurisdiction exists. *Id.* The notice of removal must contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). In *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), the Tenth Circuit interpreted the *Laughlin* case to require that, at a minimum, the jurisdictional amount must be shown by a preponderance of the evidence. Where neither the

complaint nor the notice of removal suffices, the Court may also consider other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000)(*citations omitted*)[1].

**Current Posture of Both Lawsuits**

Both of these cases were filed in the Seventh Judicial District Court, County of Sierra, State of New Mexico, on February 6, 2007, and arise from the same motor vehicle accident. Both complaints seek damages as a result of personal injury. The primary difference in these two lawsuits is that in one, the Plaintiff Gary Messer was the driver of the vehicle in which he was injured. In the second lawsuit, Plaintiff William Messer was a passenger in the same vehicle. Both plaintiffs have sued the same defendants, the driver and presumably owner of the other vehicle involved in this accident.

The two notices of removal, filed on June 27, 2007, are identical in all material respects.[2] Defendants appear to be attempting to base the jurisdiction of this Court on diversity of citizenship as provided for in 28 U.S.C. § 1332. In an attempt to establish a sufficient jurisdictional threshold amount, Paragraphs 8 and 9 of both notices state:

> 8. In this case, the Plaintiff has alleged damages for personal injury, but without specifying an amount, pursuant to the New Mexico Rules of Civil Procedure. Upon information and belief, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

---

[1] This does not mean that the Court may consider allegations or arguments in either party's briefs. The Court is strictly limited to *evidence* in the record before it. *See Higgins v. Compris Technologies, Inc.*, 1997 WL 851261 (D.Kan. 1997).

[2] The Court notes one immaterial difference only, *i.e.,* that Paragraph 10 of the notice of removal in CIV No. 07-616 states: "Plaintiff consents to removing the state action to this Court." It is noteworthy that subject matter jurisdiction of this Court cannot be conferred by consent of the parties.

9. The above-captioned state court action, therefore, is one in which this Court has original jurisdiction in that it involves a matter of controversy exceeding $75,000.00, exclusive of interests and costs, between citizens of different states. 28 U.S.C. §§ 1332 and 1441.

**<u>Discussion</u>**

It is incumbent on this Court to determine whether Defendants have met their burden to establish that the amount in controversy meets the threshold of $75,000. In this regard, the Court will first examine the allegations in the complaints. As noted above, the two complaints are quite similar, so will be discussed jointly. As stated in paragraph 8 of the notices of removal, neither complaint specifies any dollar amount of damages sought. Plaintiffs merely state that they suffered nonspecific damages. In conformity with state court procedure[3], no specific amount of damages is mentioned. Obviously the amount in controversy cannot be determined from the allegations of either of these complaints.

Next, the Court will examine the notices of removal to determine whether they establish that the amount-in-controversy requirement has been met. As noted by the *Laughlin* opinion, the party requesting removal must, in the notice of removal itself, set forth the underlying facts supporting the assertion that the minimum amount-in-controversy has been met. *Laughlin v. KMart Corp.* at 873. In this instance, Defendants merely aver, without setting forth underlying facts, that, "[u]pon information and belief, the matter in controversy exceeds the sum or value of $75,000.000, exclusive of interests and costs." Defendants have provided the Court with no underlying *facts* to substantiate their information and belief as to the amount in controversy. The Court is unable to make any reasonable inferences that these injuries give rise to a claim in excess of $75,000. Because Defendants' removal of both cases is based on speculation as to what damages Plaintiffs seek, rather

---

[3]*See* N.M.R.Civ.P. 1-010B.

than underlying facts supporting the minimum jurisdictional amount, proven by a preponderance of the evidence, these cases must be remanded to state court.

**Conclusion**

The "amount in controversy" involves an inquiry into what the plaintiff potentially stands to gain from a lawsuit, or what the defendant's possible exposure to liability may be. *See* 15 MOORE'S FEDERAL PRACTICE, § 102.109[1](3d ed. 2000). Based on the contents of the complaints and the notices of removal, the Court finds no underlying facts that would support a conclusion, established by a preponderance of the evidence, that each of the Plaintiffs' claims for damages involves a dispute of $75,000 or more.

**WHEREFORE,** for the reasons stated above, CIV No. 07-500 LH/LAM and CIV No. 070616 LH/LAM shall be remanded to the Seventh Judicial District Court, County of Sierra, State of New Mexico.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**

5